UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

YETI Coolers, LLC,

    Plaintiff,

v.

SF Associates, Inc.,

    Defendant.

Case No. 1:17-cv-01070

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**
(2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(3) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(4) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(5) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(6) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(7) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(8) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
(9) **COMMON LAW TRADEMARK INFRINGEMENT;**
(10) **COMMON LAW TRADE DRESS INFRINGEMENT;**
(11) **COMMON LAW UNFAIR COMPETITION;**
(12) **COMMON LAW MISAPPROPRIATION;**
(13) **UNJUST ENRICHMENT; AND**
(14) **COPYRIGHT INFRINGEMENT IN VIOLATON OF 17 U.S.C. § 501**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against SF Associates, Inc. ("SF Associates"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, SF Associates, Inc. is a company organized and existing under the laws of the State of California with a principal place of business at 6241 Yarrow Drive, Suite F, Carlsbad, CA 92011.

### Jurisdiction and Venue

3.      This is a complaint for damages and injunctive relief based on SF Associates' drinkware-related sales and includes multiple grounds for relief including trademark and trade dress infringement, trademark and trade dress dilution, unfair competition and false designation of origin, misappropriation, unjust enrichment, and copyright infringement.  This complaint arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); the Copyright Act, 17 U.S.C. § 101 *et seq*.; federal common law; and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this complaint pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over SF Associates because, *inter alia*, SF Associates is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) SF Associates has advertised, marketed, promoted, offered for sale, sold, and/or distributed, and, on information

and belief, continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, (ii) SF Associates' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) SF Associates has sold infringing products for distribution throughout Texas and this District, and has delivered infringing products into the stream of commerce to purchasers in Texas, including in this District, (iv) SF Associates acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, (v) SF Associates' customers and/or potential customers reside in the State of Texas, including in this District, and (vi) SF Associates benefits financially from the Texas market, including, for example, through sales of infringing products that ultimately occur in Texas, including in this District.

6.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

## General Allegations – YETI's Intellectual Property

7.     For years, YETI has engaged in the development, manufacture, and sale of insulated products, including insulated drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.   YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.   YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.   As discussed in more detail below, YETI owns various rights relating to its insulated drinkware designs, including trademark rights, trade dress rights, and copyrights.

8.      Several years ago, YETI introduced its Rambler® Drinkware products into the marketplace.  YETI has sold millions of units of the Rambler® Drinkware throughout the United States, including millions of the 18 oz. and 36 oz. Rambler® Bottles, including sales to customers in the State of Texas.   YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Rambler® Drinkware, including the 18 oz. and 36 oz. Rambler® Bottles.  The design and features of the Rambler® Drinkware have received widespread and unsolicited public attention.  For example, the Rambler® Drinkware has been featured in numerous newspaper, magazine, and Internet articles.

9.      The designs of the Rambler® Drinkware, including the 18 oz. and 36 oz. Rambler® Bottles, are distinctive and non-functional and identify to consumers that the origin of the Rambler® Drinkware, including the 18 oz. and 36 oz. Rambler® Bottles, is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Drinkware, including the 18 oz. and 36 oz. Rambler® Bottles, YETI's marketing, advertising, and sales of the Rambler® Drinkware, including the 18 oz. and 36 oz. Rambler® Bottles, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the design and appearance of the Rambler® Drinkware, including the 18 oz. and 36 oz. Rambler® Bottles, which consumers have come to uniquely associate with YETI.

10.      Exemplary images of a YETI 18 oz. Rambler® Bottle are shown below:

4

**Illustration 1: Exemplary Images of a YETI 18 oz. Rambler® Bottle.**





11.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 18 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 18 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 18 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 18 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 18 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 18 oz. Rambler® Bottle and the cap of the YETI 18 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

12.     Exemplary images of a YETI 36 oz. Rambler® Bottle are shown below:

**Illustration 2: Exemplary Images of a YETI 36 oz. Rambler® Bottle.**





13.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 36 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 36 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 36 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 36 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Bottle and the cap of the YETI 36 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

14.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress in its 18 oz. and 36 oz. Rambler® Bottles has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

15.    YETI has also used the trademark "YETI" throughout the United States in connection with its insulated drinkware products, cooler products, and other products, and the trademarks "RAMBLER" and "YETI RAMBLER COLSTER" throughout the United States in connection with at least its insulated drinkware products. YETI has used these trademarks throughout the United States and the State of Texas, including with advertising and promoting YETI's 18 oz. and 36 oz. Rambler® Bottles and YETI's drinkware products. YETI has sold millions of units of the Rambler® Drinkware bearing the "YETI," "RAMBLER," and "YETI RAMBLER COLSTER" trademarks throughout the United States.

16.    In view of YETI's extensive and continuous use of "YETI," "RAMBLER," and "YETI RAMBLER COLSTER," consumers have come to associate "YETI," "RAMBLER," and "YETI RAMBLER COLSTER" as source identifiers of YETI, and YETI owns trademark rights in these marks.  Further, YETI owns several trademark registrations, including:

  i.    Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for portable coolers;

 ii.    Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets;

iii.    Trademark Registration No. 4,998,897 ("the '897 Registration") for "RAMBLER" for jugs;

 iv.    Trademark Registration No. 5,233,441 ("the '441 Registration") for "RAMBLER" for beverageware, cups, drinking glasses, tumblers for use as drinking vessels, jugs, mugs, temperature-retaining drinking vessels, storage containers for household or domestic use, namely, vacuum container for hot

or cold food and drink, beer growlers, insulated food and drink containers, stainless steel tumblers for use as drinking vessels, stainless steel drinking glasses, stainless steel beverageware, drinking straws;

v.    Trademark Registration No. 4,871,725 ("the '725 Registration") for "YETI RAMBLER COLSTER" for stainless steel drink holders.

Copies of these trademark registrations are attached as Exhibits 1-5.  YETI's "YETI," "RAMBLER," and "YETI RAMBLER COLSTER" trademarks, as well as the '897 Registration, the '441 Registration, the '869 Registration, the '371 Registration, and the '725 Registration, are collectively referred to as "YETI's Trademarks."

17.    As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of YETI's Trademarks, YETI's exclusive, continuous, and substantial advertising and promoting of products bearing YETI's Trademarks, and the publicity and attention that has been paid to YETI's Trademarks, these trademarks have become famous in the United States and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's Trademarks as source identifiers of YETI.

18.    YETI also owns several copyrights related to its Rambler® Drinkware products. YETI recently filed a copyright application entitled "YETI RAMBLER 36 oz Bottle Label." A copy of the YETI RAMBLER 36 oz Bottle Label submitted to the U.S. Copyright Office is shown in Illustration 3 below.

**Illustration 3:  YETI RAMBLER 36 oz Bottle Label Submitted to Copyright Office**



### General Allegations – SF Associates' Unlawful Activities

19.     SF Associates has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products that violate YETI's rights, including the rights protected by YETI's intellectual property.   SF Associates' infringing products are counterfeit imitations of YETI's products.   SF Associates' actions have all been without the authorization of YETI.

20.     The infringing products of SF Associates' include at least its 18 oz. and 36 oz. bottle products.   Exemplary images of the infringing bottle products and exemplary images of YETI's legitimate bottle products are shown below:

| **Illustration 4:  Exemplary Images of SF Associates' Infringing 36 oz. Bottle Products.** | **Illustration 5:  Exemplary Images of YETI's 36 oz. Rambler® Bottle.** |
|---|---|
|  |  |
|  |  |

 

21.     As a result of SF Associates' activities related to the infringing bottle products, there is a likelihood of confusion between SF Associates and its products on the one hand, and YETI and its products on the other hand.

22.     YETI used its bottle trade dress and labels extensively and continuously before SF Associates began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States before SF Associates commenced its unlawful use of YETI's trade dress.

23.     In addition to infringing YETI's copyrights and diluting YETI's trade dress, SF Associates has also unlawfully used and continues to unlawfully use YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing SF Associates' infringing products, and is thereby infringing and diluting YETI's Trademarks and intentionally trading on YETI's goodwill.

24.     As a result of SF Associates' activities related to use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, there is

a likelihood of confusion between SF Associates and SF Associates' products on the one hand, and YETI and YETI's products on the other hand.

25.     YETI used YETI's Trademarks extensively and continuously before SF Associates began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.  Moreover, YETI's Trademarks became famous and acquired secondary meaning in the United States before SF Associates commenced its unlawful use of YETI's Trademarks.

26.     SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by SF Associates' direct copying of YETI's products and unlawful use of YETI's Trademarks.

27.     As discussed above and as set forth in the counts below, SF Associates' actions are unfair and unlawful.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

28.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Based on the activities described above, including, for example, SF Associates using YETI's federally registered trademarks, including at least the trademarks protected by the '897 Registration, the '441 Registration, the '869 Registration, the '371 Registration, the '725 Registration, and/or colorable imitations thereof, in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, SF Associates has infringed YETI's federally registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  SF Associates' use of YETI's federally registered trademarks,

including through counterfeits, reproductions, copies, and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

30.     SF Associates' use of YETI's federally registered trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's federally registered trademarks, YETI's products, and YETI.

31.     On information and belief, SF Associates' use of YETI's federally registered trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by SF Associates' unlawful use of YETI's federally registered trademarks in an effort to sell the infringing products, SF Associates' infringements of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

32.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

33.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.     Based on the activities described above, including, for example, SF Associates' use of YETI's Trademarks and/or colorable imitations thereof, SF Associates violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  SF Associates' use of YETI's Trademarks and/or

colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of SF Associates with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

35.     YETI's Trademarks are entitled to protection under the Lanham Act.  YETI's Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used its Trademarks in the United States.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's Trademarks acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's Trademarks in connection with the infringing products.

36.     SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

37.     On information and belief, SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by SF Associates' unlawful use of YETI's Trademarks to sell the infringing products, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

38.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

39.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40.     SF Associates' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  SF Associates' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of SF Associates with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

41.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress in connection with the infringing products.

42.     SF Associates' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

43.     On information and belief, SF Associates' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

44.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count IV:
### Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

45.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46.     Based on the activities described above, including, for example, SF Associates' use of YETI's Trademarks and/or colorable imitations thereof, SF Associates is likely to dilute, has diluted, and continues to dilute YETI's famous Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause, and has caused, dilution of YETI's famous Trademarks at least by eroding the public's exclusive identification of YETI's famous Trademarks with YETI and YETI's products, by lessening the

capacity of YETI's famous Trademarks to identify and distinguish YETI's products, by associating YETI's Trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous Trademarks.

47.    YETI's Trademarks are famous and are entitled to protection under the Lanham Act.  YETI's Trademarks are inherently distinctive.  YETI's Trademarks also have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's Trademarks in the United States.   Through that extensive and continuous use, YETI's Trademarks have become famous, well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trademarks became famous and acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's Trademarks in connection with the infringing products.

48.    SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

49.    On information and belief, SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by SF Associates' unlawful use of YETI's Trademarks to sell the infringing products, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

50.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

### Count V:
### Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

51.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     Based on the activities described above, including, for example, SF Associates' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, SF Associates is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). SF Associates' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

53.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also

acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress became famous and acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress in connection with the infringing products.

54.    SF Associates' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

55.    On information and belief, SF Associates' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.   SF Associates' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

56.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VI:**
**Trademark Dilution Under Tex. Bus. & Com. Code § 16.103**

57.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58.    Based on the activities described above, including, for example, SF Associates' use of YETI's Trademarks and/or colorable imitations thereof, SF Associates is likely to dilute, has diluted, and continues to dilute YETI's Trademarks in violation § 16.103 of the Texas Business & Commerce Code.   SF Associates' use of YETI's Trademarks and/or colorable

22

imitations thereof is likely to cause, and has caused, dilution of YETI's famous Trademarks at least by eroding the public's exclusive identification of YETI's Trademarks with YETI, by lessening the capacity of YETI's famous Trademarks to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctness of YETI's famous Trademarks.

59.     YETI's Trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its Trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's Trademarks are widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's Trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's Trademarks became famous and acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's Trademarks in connection with the infringing products.

60.     SF Associates' use of YETI's Trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

61.     On information and belief, SF Associates' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad

faith is evidenced at least by SF Associates' unlawful use of YETI's Trademarks to sell the infringing products, and by SF Associates' continuing disregard for YETI's rights.

62.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count VII:**
**<u>Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103</u>**

63.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 62 though fully set forth herein.

64.     Based on the activities described above, including, for example, SF Associates' advertising, promoting, offering for sale, selling, and distributing the infringing products, SF Associates is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  SF Associates' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

65.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is

widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress in connection with the infringing products.

66.     SF Associates' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

67.     On information and belief, SF Associates' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by SF Associates' continuing disregard for YETI's rights.

68.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count VIII:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

69.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 68 as though fully set forth herein.

70.     SF Associates' advertisements, marketing, promotions, offers to sell, sales,

distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because SF Associates has obtained an unfair advantage as compared to YETI through SF Associates' use of YETI's trade dress and YETI's Trademarks and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of SF Associates' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

71.     YETI's trade dress and YETI's Trademarks relating to its 18 oz. and 36 oz. Rambler® Bottles are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress and YETI's Trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress and YETI's Trademarks in connection with the infringing products.

72.     SF Associates' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products.

73.     On information and belief, SF Associates' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and YETI's Trademarks, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

74.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least SF Associates' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count IX:
### Common Law Trademark Infringement

75.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.     SF Associates' activities described above, including, for example, SF Associates' use of YETI's Trademarks and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

77.     YETI's Trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used YETI's Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.   YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover,

YETI's Trademarks acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's Trademarks in connection with the infringing products.

78.     SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

79.     On information and belief, SF Associates' use of YETI's Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by SF Associates' unlawful use of YETI's Trademarks to sell the infringing products, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

80.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, SF Associates' profits, punitive damages, costs, and reasonable attorney fees.

**Count X:**
**Common Law Trade Dress Infringement**

81.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 80 as though fully set forth herein.

82.     SF Associates' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because SF Associates' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and

misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

83.     YETI's trade dress relating to its 18 oz. and 36 oz. Rambler® Bottles is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress in connection with its infringing products.

84.     SF Associates' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's products.

85.     On information and belief, SF Associates' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

86.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, SF Associates' profits, punitive damages, costs, and reasonable attorney fees.

**Count XI:**
**Common Law Unfair Competition**

87.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 86 as though fully set forth herein.

88.     SF Associates' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of SF Associates' goods, by simulating YETI's trade dress and YETI's Trademarks in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of SF Associates' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  SF Associates has also interfered with YETI's business.

89.     YETI's trade dress and YETI's Trademarks  relating to its 18 oz. and 36 oz. Rambler® Bottles are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's Trademarks are inherently distinctive. YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks  have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress and YETI's Trademarks in connection with its infringing products.

90.     SF Associates' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products.

91.     On information and belief, SF Associates' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and YETI's Trademarks,  SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

92.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, SF Associates' profits, punitive damages, costs, and reasonable attorney fees.

## Count XII:
## Common Law Misappropriation

93.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 92 as though fully set forth herein.

94.     SF Associates' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

95.     YETI created the 18 oz. and 36 oz. Rambler® Bottles covered by YETI's trade dress and YETI's Trademarks through extensive time, labor, effort, skill, and money.  SF Associates has wrongfully used YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof in competition with YETI and gained a special advantage because SF Associates was not burdened with the expenses incurred by YETI.  SF Associates has

commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of SF Associates' infringing products, by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

96.     YETI's trade dress and YETI's Trademarks relating to its 18 oz. and 36 oz. Rambler® Bottles are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress and YETI's Trademarks in connection with its infringing products.

97.     SF Associates' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products. Moreover, as a result of its misappropriation, SF Associates has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products.

98.     SF Associates' misappropriation of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  SF Associates' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and YETI's Trademarks, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

99.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, SF Associates' profits, punitive damages, costs, and reasonable attorney fees.

**Count XIII:**
**Unjust Enrichment**

100.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 99 as though fully set forth herein.

101.     SF Associates' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because SF Associates has wrongfully obtained benefits at YETI's expense.  SF Associates has also, *inter alia*, operated with an undue advantage.

102.     YETI created the 18 oz. and 36 oz. Rambler® Bottles covered by YETI's trade dress and YETI's Trademarks through extensive time, labor, effort, skill, and money.  SF Associates has wrongfully used and are wrongfully using YETI's trade dress and YETI's Trademarks, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  SF Associates has not been burdened with the expenses incurred by YETI, yet SF Associates is obtaining the resulting benefits for its own business and products.

103.     YETI's trade dress and YETI's Trademarks relating to its 18 oz. and 36 oz. Rambler® Bottles are entitled to protection under the common law.  YETI's trade dress includes

unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Trademarks for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress and YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and YETI's Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress and YETI's Trademarks acquired this secondary meaning before SF Associates commenced its unlawful use of YETI's trade dress and YETI's Trademarks and colorable imitations thereof in connection with its infringing products.

104.    SF Associates' use of YETI's trade dress and YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Trademarks with YETI and YETI's products. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. SF Associates has wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

105.    SF Associates' unjust enrichment at YETI's expense has been intentional, willful, and malicious. SF Associates' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and YETI's Trademarks, SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

106.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least SF Associates' profits.

**Count XIV:**
**Copyright Infringement Under 17 U.S.C. § 501**

107.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 106 as though fully set forth herein.

108.    Based on the activities described above, including, for example, copying, reproducing, making, displaying, distributing, using, and/or preparing derivative works of the YETI RAMBLER 36 oz Bottle Label—and doing so to help advertise, promote, offer for sale, sell, distribute, manufacture, and/or import its infringing products—SF Associates has infringed YETI's copyrights in the YETI RAMBLER 36 oz Bottle Label in violation of at least 17 U.S.C. § 501.

109.    SF Associates' acts of infringement are willful.  SF Associates' bad faith is evidenced at least by SF Associates' direct copying of the YETI RAMBLER 36 oz Bottle Label, and SF Associates then using these copies to, *inter alia*, advertise, promote, offer for sale, sell, distribute, manufacture, and/or import SF Associates' drinkware. SF Associates' bad faith is further evidenced by SF Associates' infringement of YETI's other rights, and SF Associates' continuing disregard for YETI's rights.

110.    Each infringement by SF Associates of YETI's copyrighted works in the YETI RAMBLER 36 oz Bottle Label constitutes a separate and distinct act of infringement.

111.    SF Associates' infringement of YETI's copyrights has caused irreparable injury to YETI.

112.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's actual damages and/or SF Associates' profits under 17 U.S.C. § 504(b), or in the alternative statutory damages under 17 U.S.C. § 504(c), and costs at least under 17 U.S.C. § 505.

**Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.       Judgment that SF Associates has  (i) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (v) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vi) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (vii) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (ix) violated YETI's common law rights in YETI's trademarks; (x) violated YETI's common law rights in YETI's trade dress; (xi) engaged in common law unfair competition; (xii) engaged in common law misappropriation; (xiii) been unjustly enriched at YETI's expense; (xiv) infringed YETI's copyrights in violation of § 501 of Title 17 in the United States Code, and that all of these wrongful activities by SF Associates were willful;

2.       A preliminary injunction and other injunctive relief against further infringement and dilution of YETI's trademarks and trade dress, further acts of unfair competition, misappropriation, and unjust enrichment, and further infringement of YETI's copyrights by SF Associates, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to

36

sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks, trade dress, and/or copyrights, pursuant to at least 15 U.S.C. § 1116, 17 U.S.C. § 502, and Tex. Bus. & Com. Code § 16.104;

3.    An Order that SF Associates pay YETI for all profits and damages resulting from SF Associates' infringing activities and that the award to YETI be trebled, as provided for under 15 U.S.C. § 1117, or, at YETI's election, that YETI be awarded statutory damages from SF Associates in the amount of $2,000,000.00 per counterfeit mark per type of goods sold, as provided by at least 15 U.S.C. § 1117(c);

4.    An Order directing SF Associates to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.    An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks or trade dress or that infringe YETI's copyrights in SF Associates' possession or control, (iii) all plates, molds, and other means of making the infringing products in SF Associates' possession, custody, or control, and (iv) all advertising materials related to the infringing products in SF Associates' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

6.    An Order directing SF Associates to publish a public notice providing proper attribution of YETI's trademarks and trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

7.    An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or

colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

8.      An award of SF Associates' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104;

9.      An award of YETI's actual damages and/or SF Associates' profits, or in the alternative statutory damages under, and costs pursuant to 17 U.S.C. § 504(b, c) and § 505;

10.     Such other and further relief as this Court deems just and proper.


Dated:  November 10, 2017                    Respectfully submitted,


                                        By: */s/ Joseph J. Berghammer*

                                            Joseph R. Knight
                                            Texas Bar No. 11601275
                                            jknight@ebbklaw.com
                                            Ewell, Brown, Blanke & Knight, LLP
                                            111 Congress Avenue, Suite 2800
                                            Austin, Texas 78701
                                            Telephone: 512.770.4010
                                            Facsimile: 877.851.6384

                                            Joseph J. Berghammer (admitted in the Western District of Texas)
                                            Illinois Bar No. 6273690
                                            jberghammer@bannerwitcoff.com
                                            Michael L. Krashin *(pro hac vice forthcoming)*
                                            Illinois Bar No. 6286637
                                            mkrashin@bannerwitcoff.com
                                            John A. Webb, Jr. *(pro hac vice forthcoming)*
                                            Illinois Bar No. 6321695
                                            jwebb@bannerwitcoff.com
                                            Banner & Witcoff, Ltd.
                                            Ten South Wacker Drive
                                            Suite 3000

Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**